T.C. Summary Opinion 2003-78


UNITED STATES TAX COURT


ROLAND E. LEWIS, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10106-02S.            Filed June 19, 2003.


Roland E. Lewis, pro se.

Jeanne Gramling, for respondent.


DINAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $3,210 for the taxable year 1999. The sole issue for decision is whether an $8,000 payment petitioner received in 1999 is includable in petitioner's gross income.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Morrisville, North Carolina, on the date the petition was filed in this case.

From 1992 through July 1998, petitioner was employed by the National Society of Black Engineers (NSBE) of Alexandria, Virginia. Petitioner was a corporate fund-raiser and handled national convention career fairs for NSBE. Throughout his employment with NSBE, petitioner was enrolled at Howard University earning an undergraduate degree in engineering. Petitioner finished his degree shortly after leaving NSBE. Petitioner had a verbal agreement with NSBE that he would be reimbursed for certain educational expenses he incurred at Howard. NSBE later instituted a formal tuition assistance program, but petitioner was not a participant in this program. In discussions with employees of NSBE, petitioner was told that they were "not able to find an exact document that details" such an agreement. Although admitting that petitioner was to be

reimbursed to some extent, petitioner was told that they did not "know what degree * * * whether 60 or 70 percent."

NSBE's records show that petitioner received two payments during 1998 and 1999. The first, a $6,000 payment dated October 23, 1998, was labeled as a payment for "Commissions". The second, an $8,000 payment dated February 18, 1999, was labeled as a payment for "Commission 97-98". The latter payment is the payment at issue in this case. NSBE issued a Form 1099-MISC, Miscellaneous Income, to petitioner for taxable year 1999. This form reflected nonemployee compensation of $8,000.

Petitioner filed an individual Federal income tax return for taxable year 1999. Petitioner did not report as income any portion of the $8,000 payment which he received from NSBE, despite his assertion at trial that a portion of this payment was for nonemployee compensation rather than a reimbursement of educational expenses. In the statutory notice of deficiency, respondent determined that the entire $8,000 was includable in petitioner's gross income and subject to self-employment income tax.

Petitioner argues that, while a portion of the $8,000 was indeed nonemployee compensation, the bulk of the payment was a reimbursement of his educational expenses--which he refers to as

an "educational grant"--that should not be includable in his income.[1]

The record in this case does not clearly indicate whether the payment petitioner received was related to the expenses he incurred in connection with his undergraduate education at Howard. However, even assuming that the payments were made in connection therewith, as explained in detail below they would nonetheless be includable in petitioner's gross income.

Gross income generally includes all income from whatever source derived, including "Compensation for services, including fees, commissions, fringe benefits, and similar items", unless excluded by statute. Sec. 61(a)(1). There are several statutory exclusions which arguably could be applicable to the case at hand.

First, section 117(a) excludes from gross income "any amount received as a qualified scholarship by an individual who is a candidate for a degree" at certain educational institutions. A "qualified scholarship" does not include any amount received by a student which represents payment for services required as a condition for receiving such amount. Sec. 117(c). As is relevant to the case at hand, the regulations state that the

_____

[1]At trial, petitioner argued that the amount of the reimbursement was $7,614. In his petition, petitioner stated that the amount of the reimbursement was $6,800.

following type of payment is not excludable from income under section 117:

> any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research, if such amount represents either compensation for past, present, or future employment services or represents payment for services which are subject to the direction or supervision of the grantor.

Sec. 1.117-4(c)(1), Income Tax Regs. The Supreme Court has held that:

> The thrust of the provision [in the section 117 regulations] dealing with compensation is that bargained-for payments, given only as a "quo" in return for the quid of services rendered--whether past, present, or future--should not be excludable from income as "scholarship" funds.

Bingler v. Johnson, 394 U.S. 741, 757-758 (1969). Based on petitioner's testimony, we conclude that any payments by NSBE for petitioner's education were not in the form of a "qualified scholarship" within the meaning of section 117. Any such payments were made in accordance with the terms of the employment relationship. If they were in fact made, they were a form of compensation and not the result of disinterested generosity. Thus, the section 117(a) exclusion does not apply in this case.

Second, section 127(a)(1) excludes from gross income "amounts paid or expenses incurred by the employer for educational assistance to the employee", but only if the assistance is furnished pursuant to a qualifying "educational assistance program". An "educational assistance program" is a "separate written plan of an employer" which meets certain

statutory requirements.  Sec. 127(b)(1).  We need not address these requirements, however, because petitioner admits that the amounts at issue were not provided pursuant to a written plan maintained by NSBE, as required by the statute.  Id.; Maranto v. Commissioner, T.C. Memo. 1997-122.  Thus, the section 127(a)(1) exclusion does not apply in this case.

Finally, section 132(a)(3) excludes from income "any fringe benefit which qualifies as a * * * working condition fringe".  As applicable to the case at hand, a "working condition fringe" is any property or services provided to an employee to the extent that, if the employee had paid for the property or services, the payment would be deductible under section 162.  Sec. 132(d); see also sec. 132(j)(8).  Alternatively, pursuant to section 62(a)(2)(A) and section 1.62-2, Income Tax Regs., certain reimbursements or expense allowances paid to employees by employers may be excludable from an employee's income.  Sec. 1.62-2(c)(4), Income Tax Regs.  To be excludable from income under these provisions, the payments must be made pursuant to an "accountable plan" which, among other requirements, provides advances, allowances, or reimbursements only for business expenses that otherwise are allowable as deductions under section 162(a).  Sec. 62(a)(2)(A); Biehl v. Commissioner, 118 T.C. 467, 477 (2002); sec. 1.62-2(c)(4), (d)(1), Income Tax Regs.

Section 162 generally allows a deduction for expenses which are ordinary and necessary in carrying on a trade or business. Sec. 162(a). Such expenses may include educational expenses paid in carrying on the trade or business of being an employee. Sec. 1.162-5, Income Tax Regs. To be deductible, such expenses must be for education which (1) maintains or improves skills required by the taxpayer in his employment or other trade or business, or (2) meets the express requirements of the taxpayer's employer, or of applicable law or regulations, imposed as a condition to the retention by the taxpayer of an established employment relationship, status, or rate or compensation. Sec. 1.162-5(a), Income Tax Regs. There is nothing in the record which indicates that petitioner's engineering education fell within one of these two categories: There is no suggestion that the education maintained or improved skills which petitioner used in his duties at NSBE--fundraising and handling career fairs--or that it was required in the context of his established employment relationship, status, or rate of compensation.

Furthermore, expenses which fall into either of the above two categories nevertheless are not deductible if the education (1) is required in order to meet the minimum educational requirements for qualification in the taxpayer's employment or other trade or business, or (2) qualifies the taxpayer for a new trade or business. Sec. 1.162-5(b), Income Tax Regs. The

undergraduate engineering education which petitioner obtained in this case clearly qualified him for a new trade or business. See, e.g., <u>Cristea v. Commissioner</u>, T.C. Memo. 1985-533; <u>Josephs v. Commissioner</u>, T.C. Memo. 1979-371; <u>Warfsman v. Commissioner</u>, T.C. Memo. 1972-137.

Because the education expenses do not meet the requirements of section 1.162-5, Income Tax Regs., the expenses would not be deductible under section 162. Consequently, any amounts petitioner received as reimbursement therefor would not be excludable under section 132, and such amounts could not be part of an accountable plan and would not be excludable under section 1.62-2(c)(4), Income Tax Regs. Sec. 132(d); <u>Biehl v. Commissioner</u>, <u>supra</u>.

We conclude that the $8,000 petitioner received in 1999 from NSBE is compensation for services and is includable in his income under section 61(a)(1).[2]

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.

---

[2]Respondent determined that petitioner was liable for self-employment tax with respect to the $8,000 payment. Petitioner has not specifically disputed this determination, and nothing in the record indicates that this amount was other than "self-employment income" within the meaning of sec. 1401.